**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAUR TUA SILALAHI,

Petitioner,

v.

ALBERTO R. GONZALES,
United States Attorney General,

Respondent.

No. 06-9553
(No. A97-196-383)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Petitioner Saur Tua Silalahi is a native and citizen of Indonesia. He

entered the United States in 1994 on a student visa, but failed to depart upon

expiration of his visa. In removal proceedings, he conceded removablility but

sought asylum, restriction on removal, and relief under Article III of the United

Nations Convention Against Torture (CAT). An immigration judge (IJ) denied

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his asylum application as untimely because it was filed over one year from his entry into the United States. The IJ also found that Mr. Silalahi did not qualify for either of the two exceptions to the one-year time limit, "changed circumstances" or "extraordinary circumstances," found in 8 U.S.C. § 1158(a)(2)(D). The IJ then denied his applications for restriction on removal and relief under Article III of the CAT. Mr. Silalahi petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the IJ's denial. He challenges the agency's denial of his claim for restriction on removal and the denial of his CAT claim.

I.

Although we review the BIA's decision as the final order of removal, here we may consult the IJ's more complete analysis because the BIA relied on the IJ's rationale to reach its decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1203-04 (10th Cir. 2006). We review the agency's legal determinations de novo, and its findings of fact under the substantial evidence standard. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). Under the substantial evidence test, we must determine whether the factual findings "are supported by reasonable, substantial and probative evidence considering the record as a whole." *Elzour*, 378 F.3d at 1150. Credibility determinations are

subject to the substantial evidence test. *Id*. These credibility determinations will be upheld if the IJ provides "specific, cogent reasons for an adverse credibility finding." *Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004) (quotation omitted).

## II.

Mr. Silalahi bears the burden of proof on his restriction on removal claim and he must establish that "his . . . life or freedom would be threatened in the proposed country of removal on the account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). He may meet this burden by demonstrating that he suffered past persecution or that there is a "clear probability" of future persecution on account of one of the protected grounds enumerated above. *Niang v. Gonzales*, 422 F.3d 1187, 1195 (10th Cir. 2005). Mr. Silalahi, who is Christian, sought to establish his eligibility for restriction on removal primarily on the basis of several incidents. First, he testified he was assaulted in December 1983 by pedestrians who forced him out of a car after one pedestrian accused him of trying to hit him. He said the pedestrians beat him, resulting in a head wound that required fourteen stitches. Mr. Silalahi testified that one of the attackers pulled his necklace off and when he saw it was a cross, stomped on it and said he hated Christians. Mr. Silalahi testified that he believes the pedestrians were Muslim. Next, Mr. Silalahi testified he was attacked as he was leaving his church in August

1984, by parking attendants who demanded money from him. When he refused, he was hit with a piece of wood and stabbed, resulting in nine stitches. Mr. Silalahi testified these attackers were also Muslim. He also testified that in July 1983, his family's home was robbed while he was there, and his brother was stabbed during the robbery. He did not know the religion of these robbers. Finally, he testified that in 1980, another brother was cut by a broken beer bottle when he refused to give robbers money.

The IJ found that these events were incidents of robbery, not religious persecution. Further, the IJ found Mr. Silalahi's testimony was not sufficiently detailed, consistent, or believable to provide a plausible and coherent account in order to establish that the basis of his fear was religious persecution. In support of this credibility finding, the IJ identified three inconsistencies in Mr. Silalahi's reports: (1) his affidavit and asylum application submitted shortly before the hearing did not mention the 1983 attack by pedestrians; (2) his asylum application described the robbery and attack on his family's home as having occurred in 1999, not 1983, and (3) his asylum application did not mention the robbery and cutting of his brother in 1980, or that his brother was stabbed during the robbery of his family's home. The IJ noted that Mr. Silalahi did not come to the United States until 1994, ten years after the last of these incidents, which happened more than twenty-two years prior to the asylum application. The IJ further noted that during that ten years between 1984 and 1994, Mr. Silalahi had no problems once

-4-

he moved into a brother's home in a different neighborhood. Further, Mr. Silalahi still has twelve family members living in Indonesia.

The IJ gave specific, cogent reasons for its adverse credibility findings, which were adopted and affirmed by the BIA. We conclude that the BIA's decision affirming the IJ's adverse credibility finding applies the correct legal standards and is supported by substantial evidence in the record. We further conclude that Mr. Silalahi has failed to present evidence demonstrating either past persecution or that it is more likely than not that he would be persecuted upon his return to Indonesia, and that substantial evidence in the record supports the agency's determination that petitioner did not met his burden of establishing entitlement to restriction on removal. *See Woldemeskel v. INS*, 257 F.3d 1185, 1193 (10th Cir. 2001).

### III.

In order to satisfy the requirements under the CAT, an applicant must establish that it is more likely than not that he or she would be tortured if returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). The IJ concluded that Mr. Silalahi was ineligible for CAT relief because this provision requires the petitioner to show at least acquiescence in torture by a government official, or someone acting with official authority, and Mr. Silalahi had failed to make any such showing. The IJ correctly articulated the applicable legal standards, *see*

*Ferry v. Gonzales*, 457 F.3d 1117, 1130-31 (10th Cir. 2006), and we conclude that

the agency's decision is supported by substantial evidence in the record.

The petition for review is DENIED.


Entered for the Court


John C. Porfilio
Circuit Judge